IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sentha K. Watkins, | C/A No: 3:11-3298-CMC-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Flagstar Bank, *FSB*; and Scott Law Firm, | |
| Defendants. | |

The plaintiff, Sentha K. Watkins, ("Plaintiff"), who is self-represented and files this action *in forma pauperis* under 28 U.S.C. § 1915, brings this civil action against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Defendant Flagstar Bank filed a Motion to Dismiss (ECF No. 11), and the plaintiff has filed a response (ECF No. 35). Having reviewed the Complaint in accordance with applicable law, the court concludes that the case should be dismissed for lack of subject matter jurisdiction.

**BACKGROUND**

Plaintiff's Complaint stems from actions concerning her home. Plaintiff alleges that she and Defendant Flagstar Bank, FSB ("Flagstar") were working together to work out a "loan modification," apparently in attempt to avoid foreclosure of Plaintiff's mortgage. (ECF No. 1 at 3.) Plaintiff contends that she "complied with modification procedures," and that, in spite of personal issues, she "tried to accom[m]odate" Flagstar. (Id.) Nevertheless, she complains that she was "treated unprofessionally, unfairly, unethical practices & tactis

[sic]," and now suffers "emotional distress." (Id.)  Plaintiff also complains that "They" committed procedural errors with respect to her foreclosure proceedings.

A review of public filings[1] reveals that, in October 2008, Flagstar, by and through Defendant Scott Law Firm P.A., filed an action to foreclose against Plaintiff's home in the Kershaw County, South Carolina, Court of Common Pleas, Civil Action No. 2008-CP-28-1285.  On February 5, 2009, the master-in-equity issued an "Order and Judgment of Foreclosure and Sale" in the case.

A subsequent order of the master, however, reveals that, although Plaintiff's loan was not eligible under the Home Affordable Modification Program ("HAMP"),[2] Plaintiff and Flagstar "attempted to enter into a Repayment Plan in an effort to resolve this matter," but, ultimately, Flagstar decided to proceed with foreclosure.  See Supplemental Order to the Master in Equity's Order and Judgment of Foreclosure and Sale, Kershaw County Court of Common Pleas Case No. 2008-CP-28-1285 (March 21, 2011).  The master determined Plaintiff's total debt under the mortgage to be $122,696.36, but any deficiency was waived.  Id.  The Kershaw County land records show a deed out from Plaintiff of the property on December 28, 2011, at Liber 2880, Page 73.  On that same date, the Kershaw County

---

[1] See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (citing cases for the premise that federal courts may take notice of proceedings in other courts if those proceedings have a direct relation to matters at issue).

[2] "HAMP was created by Congress under the Emergency Economic Stabilization Act of 2008 and is governed by guidelines set forth by Fannie Mae and the United States Department of the Treasury.  The Servicer Participation Agreements between mortgage loan servicers and Fannie Mae require the servicers to perform loan modification and foreclosure prevention services specified in the HAMP Guidelines." Speleos v. BAC Home Loans Servicing, L.P., 755 F. Supp. 2d 304, 306 (D. Mass. 2010).

*PJG*

Register of Deeds recorded that Plaintiff's mortgage was released due to "Satisfaction by Foreclosure," at Liber 2880, Page 76.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449

*PJG*

U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

To hear and decide a case, this court must first have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992); Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, Am. Fire & Cas. Co. v. Finn, 341 U.S. 6 (1951). It is presumed that a cause lies outside this limited jurisdiction, Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary

*PJG*

rests upon the party asserting jurisdiction, McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936).

The court should dismiss Plaintiff's claims because her requested relief is no longer available. "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983). To satisfy the constitutional case-or-controversy requirement, " 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.' " Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). Whenever an action loses its character as a present live controversy during the course of the litigation, federal courts are required to dismiss the action as moot because "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." See, e.g., North Carolina v. Rice, 404 U.S. 244, 246 (1971); see also Florida Ass'n of Rehab. Facilities, Inc. v. State of Florida Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1217 (11th Cir. 2000) ("Any decision on the merits of a moot case or issue would be an impermissible advisory opinion.") (citing Hall v. Beals, 396 U.S. 45, 48 (1969) (per curiam)). When a case is rendered moot, the court is divested of subject matter jurisdiction to decide the questions presented in the case. Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 762 (4th Cir. 2011). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Plaintiff asks that the court stop the foreclosure sale and require Flagstar to complete the loan modification. However, the state court in which the foreclosure

Page 5 of 7
PJG

proceedings took place has already determined that Plaintiff's loan was not eligible under HAMP,[3] scheduled Plaintiff's property for sale, and apparently thereafter sold the subject property. As Plaintiff's mortgage has now been released of record and the deed therefor vested in a third party, there is no longer any loan to be modified, nor sale to stop. Plaintiff no longer has any interest in the property upon which this court may act.

Accordingly, because the relief requested by Plaintiff is no longer available, her claim for injunctive relief is moot, this court lacks subject-matter jurisdiction, and dismissal is required. Therefore, it is recommended that this case be dismissed in its entirety.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice. See United Mine Workers v. Gibbs, 383 U.S. 715 (1966); see also Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972). Because the court does not have jurisdiction to hear this matter, it is further recommended that Flagstar's motion to dismiss be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 2, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[3] Plaintiff does not appear to challenge this finding, and at least one court in this district has determined that HAMP does not provide for a private cause of action. Steffens v. Am. Home Mortg. Servicing, Inc., No. 6:10-1788-JMC-KFM, 2011 WL 901812, at *2 (D.S.C. Mar. 15, 2011) (noting that district courts in other jurisdictions have failed to find a private right of action in HAMP); see also Sherman v. Litton Loan Servicing, L.P., 796 F. Supp. 2d 753, 761 (E.D. Va. 2011) (finding that "HAMP creates no private right of action").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).