IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Sentha K. Watkins, | ) | C/A NO. 3:11-cv-3298-CMC-PJG |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Flagstar Bank, FSB and Scott Law Firm, | ) | |
| P.A., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on motion of Defendant Flagstar Bank, FSB ("Flagstar") to

dismiss Plaintiff's *pro se* complaint. Dkt. No. 11 (filed December 22, 2011). That complaint

challenges actions taken by Flagstar and another Defendant, the Scott Law Firm, P.A., with respect

to foreclosure proceedings on Plaintiff's home.

Flagstar moved to dismiss this action on the following grounds (1) lack of subject matter

jurisdiction due to the absence of a federal claim or grounds for the assertion of diversity jurisdiction;

(2) failure of service; and (3) failure to state a claim on which relief may be granted. As to the last

ground, Flagstar argues that any claim Plaintiff might advance relating to the foreclosure would be

barred by res judicata or collateral estoppel in light of the state court's Order and Judgment of

Foreclosure and Sale dated February 5, 2009, and Supplemental Order dated March 21, 2011. The

Supplemental Order overruled all challenges to the foreclosure and sale and scheduled the

foreclosure sale for May 2, 2011.[1]

---

[1] Plaintiff apparently delivered a copy of the complaint to one or more of the Defendants,
prompting Flagstar's motion to dismiss. Flagstar's argument regarding lack of service is, however,

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). Plaintiff requested and Magistrate Judge Gossett granted three extensions of time for Plaintiff to respond to Flagstar's motion to dismiss. *See* Dkt. Nos. 22, 24, 27, 28, 31,32.[2]

Plaintiff ultimately filed a response on March 27, 2012. In her response, Plaintiff argues that the motion to dismiss is premature because it was filed soon after the complaint was filed. She also lists various ways in which she believes Flagstar has treated her unfairly with respect to her mortgage loan and the foreclosure proceedings. Dkt. No. 35. For example, she refers to the bank president's refusal to take her call *on the date of the foreclosure sale*. Plaintiff also includes arguments which appear to challenge rulings by the state court. For example, she refers to the state court's denial of her request to reschedule a hearing.

Plaintiff makes a few generic references to her rights as a citizen of the United States and mentions a complaint she filed with the Federal Trade Commission ("FTC"). Beyond suggesting that her complaint to the FTC gives rise to federal jurisdiction, she does not present any argument for the assertion of federal question jurisdiction under 28 U.S.C. § 1331. Dkt. No. 35 at 3 ("I have file[d] complaint with the "Federal Trade Commission". . . . I don't think there is too much "more

---

premature as the court has withheld issuance of any summons pending pre service review of the complaint. *See* Dkt No. 39 (order directing clerk not to issue summonses). Pre service review is conducted in light of Plaintiff's request to proceed *in forma pauperis* and considers issues that overlap with Flagstar's first and third arguments for dismissal. *See* Dkt. No. 40 at 3 (addressing pre service review).

[2] The extension requests were based on Plaintiff's health and family circumstances. None referred to the status of the foreclosure proceeding.

Federal" than that (see attachment).") (emphasis in original).[3] Neither does she present facts or argument in favor of the existence of diversity jurisdiction under 28 U.S.C. § 1332. She also fails to address the preclusive effect of the state court judgment. Plaintiff concludes by stating: "I pray that the courts not dismiss my case and make 'Flagstar accountable' for what they did to me . . . maybe they won't do it again." Dkt. No. 35 at 4 (elipsis in original).

On April 2, 2012, the Magistrate Judge issued a Report recommending that the matter be dismissed for lack of subject matter jurisdiction. Dkt. No. 40 at 4-7. This recommendation rested on the conclusion that the matter was moot because the requested relief (termination of the foreclosure proceeding) was no longer available, rendering the matter moot.[4]

The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. The deadline for filing objections was April 19, 2012. Plaintiff mailed her objection on that date. Although technically late,

---

[3] The attachments to Plaintiff's complaint include (1) an escrow statement which reflects a hazard insurance charge for $2,105.27 and bears a handwritten note stating "Policy was less than $1000"; and (2) a statement from a real estate service company which bears a handwritten note "This is 2nd Winterization!" Dkt. No. 35-1. Neither reflects any complaint to the FTC although it is possible they were the subject of such a complaint. Plaintiff's later-submitted letter from the FTC confirms receipt of her complaint, thanks her for her submission, and advises her that her complaint will be placed in a database. The letter also advises Plaintiff that the FTC does not resolve individual complaints.

[4] The Report refers to the recording of a deed out from Plaintiff and satisfaction of her mortgage, both of which occurred on December 28, 2011. This date is roughly a week after Defendant filed its motion to dismiss and well before Plaintiff filed her response. The information was apparently obtained by the Magistrate Judge from the public record without input from the parties. Neither party has objected to the Magistrate Judge's reliance on or interpretation of the referenced public records.

the court will deem Plaintiff's objection to be timely.[5]

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the Magistrate Judge's conclusion that the complaint is moot to the extent Plaintiff seeks injunctive relief. However, as Plaintiff notes in her objection, the complaint also seeks "$250,000 damages [from Defendants] if they do not complete loan modification and stop sale." Dkt. No. 1 at 5; Dkt. No. 45 at 1 (second basis of objection). Thus, the complaint also appears to seek damages. The court, therefore, considers Flagstar's other grounds for dismissal.

---

[5] Plaintiff objects to the recommendation on three grounds. First, consistent with her response to Flagstar's motion to dismiss, she argues that dismissal is premature because the compliant has not been served. Second, she argues that her claim for relief is not limited to a claim for equitable relief but also seeks damages. Third, she asserts that Flagstar has discriminated against her on various grounds including because of her race and color. The first argument will not be considered further because the court has an independent duty to conduct a pre-service review of the complaint. *See* n.1 above. The second and third arguments are addressed below.

**Lack of Subject Matter Jurisdiction.** The general standards and legal requirements for subject matter jurisdiction are addressed in the Report and incorporated herein by reference. *See* Dkt. No. 40 at 4-5. As Flagstar notes in its motion, Plaintiff has not pleaded a basis for the assertion of federal question or diversity jurisdiction and none is apparent from the face of the complaint. Plaintiff's response makes no mention of diversity. Instead, she refers generally to unspecified federal rights and her filing of a complaint with the Federal Trade Commission. Nothing in these references supports any basis for the assertion of federal subject matter jurisdiction.[6]

There is, at most, a remote possibility that Plaintiff intends to assert a claim relating to a federal program, the Home Affordable Modification Program ("HAMP"), which was created under the Emergency Economic Stabilization Act of 2008. *See* Report at 2.[7] If Plaintiff were to assert such a claim, it would likely fail as a matter of law as HAMP does not appear to authorize a private cause of action. *See* Dkt. No. 40 at 6 n. 3 (Report listing cases which have concluded there is no private right of action under HAMP). The court need not resolve whether HAMP supports a private cause of action as Plaintiff's eligibility under this program was addressed and resolved in the state

---

[6] In her third listed ground for objection, Plaintiff asserts that Flagstar discriminated against her because she is an "African American on disability, breast cancer survivor because I am BLACK." Dkt. No. 45 at 1. Allegations of discrimination on the basis of race or color might support a federal cause of action. There are, however, no such allegations in the complaint. Neither is there any suggestion of such allegations in Plaintiff's response to Flagstar's motion to dismiss. The court will not, therefore, consider these allegations which are referenced for the first time in an objection to a Report which recommends of dismissal of the complaint.

[7] The complaint refers to Plaintiff being in "loan modification for a long period of time" and suggests the bank has treated her unfairly in this process. Dkt. No. 1 at 3. Her prayer for relief seeks damages if the bank fails to " complete loan modification." Dkt. No. 1 at 5. In her response to the motion to dismiss, Plaintiff refers to banks receiving bail out funds but not helping the taxpayers. Dkt. No. 35 at 4. She then states: "the number of people helped from program put in place is 'minimum.'"

court proceeding. Thus, the issue is one which this court may not review. *See generally D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Allstate Ins. Co. v. West Va. State Bar*, 233 F.3d 813, 816 (4th Cir. 2000) (holding *Rooker-Feldman* doctrine bars lower federal courts "from . . . considering issues actually presented to and decided by a state court").

**CONCLUSION**

For the reasons set forth below, the court dismisses Plaintiff's action without prejudice for lack of subject matter jurisdiction and, to the extent Plaintiff seeks injunctive relief, because the matter is moot.

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 25, 2012